IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANESSA HARPER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-CV-2231 |
| | : | |
| WESTFIELD APARTMENTS, et al. | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                  **October  3, 2005**

      In this action, Plaintiff Vanessa Harper ("Plaintiff") brings claims, both in her own right and as Administratrix of the estate of Ethel Thorton, Deceased, alleging negligence and wrongful death against Defendants Westfield Partners, Westfield Apartments, Arnold Galman and Partners, and The Galman Group ("Movants"). The Complaint seeks damages, attorney fees and costs.  Currently before the Court is a 12(b)(6) Motion to Dismiss by Movants.  For the reasons stated below, the Motion to Dismiss will be denied.

**I.  BACKGROUND**

      Viewed in the light most favorable to Plaintiff, the relevant facts are as follows. Plaintiff's decedent, Ethel Thorton ("Thorton"), was a resident of the Westfield Apartments ("Apartments"), located in Philadelphia, Pennsylvania.  Complaint ¶ 16.  On April 7, 2002, residents of the Apartments heard moaning, crying and sounds of someone screaming out in distress emanating from the apartment in which Thorton resided.  Id. ¶ 17.  Tenants of the Apartments made multiple unsuccessful requests to the Apartments' management to assist or investigate the cause of Thorton's distress.  Id. ¶ 19.  The tenants then contacted the Philadelphia Police.  Id. ¶ 20.  Police officers investigated the alleged noises on two occasions on April 7,

2002; however, since no sounds were heard during their investigations, no entry was made to Thorton's unit. Id. ¶ 22.

On April 8, 2002, police officers were again summoned, this time with the superintendent agreeing to open the door to Thorton's apartment. Id. ¶¶ 23, 26. After gaining entry, the police found Thorton lying on the floor with blood nearby. Id. ¶ 27. On April 9, 2002, Thorton died.[1] Id. ¶ 33.

Movants bring this 12(b)(6) Motion to Dismiss arguing that they owed no duty to Plaintiff's decedent, and that without the existence of a duty, a claim of negligence must be denied.

## II. LEGAL STANDARD

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts provable by plaintiff. See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

---

[1] The complaint also asserts claims against the City of Philadelphia and EMS technicians for failing to adequately treat Thorton after she was discovered in her apartment. These claims currently are not before the Court.

**III. DISCUSSION**

To prevail on a cause of action in negligence under Pennsylvania law,[2] a plaintiff must establish: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. Morena v. South Hills Health Sys., 501 Pa. 634, 642 n.5, 462 A.2d 680, 684 n.5 (1983).

The issue raised in this motion is whether Movants owed a duty to Plaintiff. In the Complaint, Plaintiff alleges that Movants undertook a duty to Thorton when they collected emergency contact information from her to utilize in an emergency. Complaint ¶ 44. The Complaint further alleges that this duty was breached when Movants failed to notify anyone after they were put on notice of Thorton's distress and that Movants' negligence was a substantial factor in the events leading to Thorton's death. Id. ¶ 46, 47. Plaintiff bases her argument on section 323 of the Restatement (Second) of Torts, which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of harm, or (b) the harm is suffered because of the other's reliance on the undertaking.[3]

---

[2] In this diversity case, the Court must "apply the substantive law of the state whose laws govern the action." Robertson v. Allied Signal, Inc., 914 F.2d 360, 378 (3d Cir. 1990) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

[3] This section of the Restatement has been adopted by Pennsylvania courts. Hamil v. Bashline, 481 Pa. 256, 268-69, 392 A.2d 1280, 1286 (1978).

The question of duty is one of law and thus for the court. Exxon Corp. v. James J. Andersen Construction Co., Inc., 126 F.3d 221, 225 n.2 (3d Cir. 1997) (citing Howell v. Clyde, 533 Pa. 151, 154 n.1, 620 A.2d 1107, 1108 n. 1 (1993)). At this stage of the proceedings, it is impossible to discern the facts surrounding Movants' solicitation of emergency contact information and for what purpose such information was collected. In addition, the timing of when Movants were put on notice of Thorton's calls of distress is unclear. It is possible, however, from the face the Complaint, to infer a set of facts that could give rise to a duty on the part of Movants. Accordingly, the Motion to Dismiss for failure to state a claim will be denied.

Under the federal rules, a "short and plain" statement of a claim for relief is all that is required. Fed R. Civ. P. 8(a)(2); O'Boyle v. Jiffy Lube Int'l, Inc., 866 F.2d 88, 93 (3d Cir. 1989); see also Leone v. Aetna Casualty & Surety Co., 599 F.2d 566, 567 (3d Cir. 1979) ("It is the settled rule that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting Conley v. Gibson, 355 U.S. 41, 45-45 (1957)); cf. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) ("A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it . . . fails to allege facts. The federal rules require . . . only that the complaint state a claim, not that it plead the facts that if true would establish . . . that the claim was valid.").

**IV.  Conclusion**

For the foregoing reasons, the Court will deny Movants' Motion to Dismiss

pursuant to Fed. R. Civ. P. 12(b)(6).  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VANESSA HARPER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 04-CV-2231 |
| | : | |
| **WESTFIELD APARTMENTS. et al.** | : | |

**ORDER**

 **AND NOW**, this 3rd day of October, 2005, upon consideration of Movants' Motion to Dismiss (docket no. 8), and the response thereto, it is **ORDERED** that the Motion is **DENIED** for the reasons stated in the attached Memorandum.

BY THE COURT:


 /s/ Bruce W. Kauffman
 **BRUCE W. KAUFFMAN, J.**